**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANA FRANCIS,

       Plaintiff,                             Case No. 09-12345

v.                                     Hon. Gerald E. Rosen

MADISON NATIONAL LIFE
INSURANCE COMPANY,

       Defendant.

_____/

**OPINION AND ORDER GRANTING**
**PLAINTIFF'S MOTION FOR REMAND**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on_____July 31, 2009_____

PRESENT:   Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

## I.  INTRODUCTION

Plaintiff Dana Francis commenced this suit in state court on May 14, 2009,

challenging a decision by Defendant Madison National Life Insurance Company to

suspend the payment of long term disability benefits under a policy issued by Defendant

to Plaintiff's employer, Community Mental Health for Central Michigan.  Defendant

removed the action to this Court on June 17, 2009, citing diversity of citizenship as the

basis for removal.  *See* 28 U.S.C. §§ 1441(a), 1332(a).[1]

_____

[1]The parties evidently agree that ERISA does not govern the disability policy at issue
here because Plaintiff's employer is a state agency.  *See* 29 U.S.C. § 1003(b)(1).  Consequently,

Through the present motion filed on July 1, 2009, Plaintiff now seeks remand of this case to state court, contending that the amount in controversy does not exceed $75,000 because the amount of unpaid benefits owed to her as of the date of removal was only $45,472.[2]  Defendant filed a response in opposition to this motion on July 16, 2009, noting that Plaintiff's complaint seeks both an award of past benefits and a declaration of Plaintiff's entitlement to future benefits, and arguing that the sum of past and future disability benefits easily surpasses the $75,000 statutory threshold for diversity jurisdiction.  Plaintiff then filed a reply in further support of her motion on July 20, 2009.

Having reviewed the parties' briefs in support of and opposition to Plaintiff's motion, as well as the remainder of the record, the Court finds that the relevant facts, allegations, and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process.  Accordingly, the Court will decide Plaintiff's motion "on the briefs."  *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan.  For the reasons stated below, the Court finds that this case must be remanded to state court for lack of the requisite $75,000 amount in controversy.

## II.  FACTUAL BACKGROUND

For present purposes, the parties agree upon the operative facts that control the amount-in-controversy inquiry here.  Plaintiff Dana Francis was employed as a

---

there is no federal question jurisdiction here.

[2]Apart from this motion, the Court issued a July 2, 2009 order directing Defendant to show cause why this case should not be remanded to state court for lack of a sufficient amount in controversy.

2

psychiatric clinical nurse with Community Mental Health for Central Michigan.  On

November 29, 2004, Plaintiff ceased working due to mononucleosis, fibromyalgia,

hypersensitivity disorder, and Sjögren's syndrome, and she applied for long term

disability benefits under a policy issued by Defendant Madison National Life Insurance

Company to Plaintiff's employer.

Defendant initially approved Plaintiff's application for disability benefits, and she

received benefits from November 24, 2004 through October 24, 2007.  The payment of

benefits was then suspended, however, with Defendant evidently concluding that Plaintiff

was no longer disabled within the meaning of the policy.[3]  This suit followed on May 14,

2009, with Plaintiff seeking both (i) an award of past due disability benefits, and (ii) a

declaration that she is entitled to the continued payment of disability benefits as they

continue to accrue in the future.

### III.  ANALYSIS

Under familiar principles governing cases where, as here, a plaintiff seeks to

recover an unspecified amount of damages, a defendant who seeks to remove the case to

federal court on diversity grounds must establish that it is "more likely than not" that the

---

[3]According to Plaintiff's complaint, the policy sets forth two definitions of disability. Under the first, an employee is considered totally disabled if she "cannot perform each of the substantial and material duties of [her] regular occupation."  (Complaint at ¶ 9.)  After benefits have been paid for 60 months, however, an employee is deemed totally disabled only if she "cannot perform each of the substantial and material duties of any gainful occupation for which [she is] reasonably fitted by training, education, or experience."  (*Id.*)  In this case, Plaintiff's entitlement to benefits was still governed by the first of these definitions when Defendant suspended her benefits.  The second definition would have applied only if she had continued to receive benefits for 60 months, a milestone she would have passed in November of 2009.

amount in controversy exceeds the statutory threshold of $75,000.  *See Gafford v. General Electric Co.,* 997 F.2d 150, 158 (6th Cir. 1993); *Garza v. Bettcher Industries,* 752 F. Supp. 753, 763 (E.D. Mich. 1990).  The Sixth Circuit has emphasized that "jurisdiction is determined as of the time of removal," and that "events occurring after removal that reduce the amount in controversy do not oust jurisdiction."  *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 872 (6th Cir. 2000).  It is Defendant's burden, as the removing party, to establish that the statutory prerequisites for removal are satisfied.  *See Gafford,* 997 F.2d at 155.

For present purposes, the parties agree upon the formula for computing the amounts of disability benefits sought by Plaintiff, both in the past and going forward. For the period during which Defendant paid benefits under its policy with Plaintiff's employer, Plaintiff received monthly disability benefits of $2,273.60.  Between the date these benefits were suspended, October 24, 2007, and the date of removal, June 17, 2009, Plaintiff was denied 20 months of benefit payments totaling $45,472.00.  Absent any other form of relief that might count toward the $75,000 amount-in-controversy requirement,[4] and absent any change in the monthly benefits due under the policy, the amount in controversy in this case would not exceed $75,000 until Plaintiff was denied

---

[4]As discussed below, Defendant suggests that attorney fees should be included in determining the amount in controversy here.

4

33 months of benefit payments, which would occur in July of 2010.[5]

   At first blush, it would seem appropriate to determine the amount in controversy in this case by reference to ***both*** (i) the past, unpaid disability benefits that Plaintiff seeks to recover, dating from October of 2007 to the present, and (ii) the amounts of disability benefits to be paid to Plaintiff going forward, in accordance with her request for a declaration that she is entitled to the continued payment of these benefits in the future. Plaintiff's complaint, after all, expressly seeks both of these forms of relief:  (i) a "judgment for plaintiff for past due disability benefits," and (ii) an order directing Defendant "to pay the future disability benefits [owed to Plaintiff] as they accrue." (Complaint at ¶¶ 12(B)-(C).)  Moreover, Defendant states without contradiction that under the terms of the disability policy, Plaintiff may continue to collect benefits until July of 2031, for a total award in excess of $600,000 if she prevails on her request for an order directing the continued payment of benefits into the future.

   Nonetheless, the case law governing the amount-in-controversy inquiry in this case dictates a different result.  As Plaintiff points out, the Sixth Circuit has held that "future potential benefits" under a disability policy may be included in an amount-in-controversy determination only if the validity of the underlying policy is in dispute:

>    The clear federal rule is that where the validity of an insurance policy containing disability benefit provisions is involved in a diversity

_____

   [5]Prior to that time, in November of 2009, Plaintiff's entitlement to continued disability benefits would be governed by the more restrictive definition of total disability that takes effect after 60 months of benefit payments.

action in a federal district court, future potential benefits may be considered in computing the requisite jurisdictional amount.  The only federal court to have addressed the issue in the Sixth Circuit has come to a similar conclusion.  *See Button v. Mutual Life Ins. Co. of New York,* 48 F. Supp. 168, 171 (W.D. Ky. 1943) (in action by insurance company in which the validity of the entire contract is in question, the face amount of the policy is in controversy).  In contrast, future potential benefits may not be taken into consideration in the computation of the amount in controversy in diversity actions in Federal District Courts involving disability insurance where the controversy concerns merely the extent of the insurer's obligation with respect to disability benefits and not the validity of the policy.

*Massachusetts Casualty Insurance Co. v. Harmon,* 88 F.3d 415, 416-17 (6th Cir. 1996)

(internal quotation marks and citations omitted).

Applying these principles to the case before it, the *Harmon* court found that the amount in controversy should be the maximum total benefits payable under a disability insurance policy ($68,400), rather than the modest overpayment of benefits that the plaintiff insurer sought to recover from the defendant insured ($890.26), where the plaintiff insurer also sought to rescind the underlying policy on the ground that the defendant had failed to fully disclose his prior medical history.  *Harmon,* 88 F.3d at 416-17.  Because the insurer's claims in the case "concern[ed] the validity of defendant's entire policy, not just [the insurer's] obligation with respect to particular of defendant's disability benefits," the court reasoned that it was appropriate to consider the "future potential benefits that might be owed by [the insurer] . . . in determining the jurisdictional amount" in controversy.  88 F.3d at 417.

Although the Sixth Circuit did not elaborate on what it meant by "future potential

benefits" or explain why they should not be counted toward the amount in controversy in the absence of a challenge to the validity of the underlying policy, other courts have addressed this topic at greater length.  In *Beaman v. Pacific Mutual Life Insurance Co.,* 369 F.2d 653, 654 (4th Cir. 1966), for example, the Fourth Circuit addressed a case where, as here, the plaintiff sought both a declaration "that he was permanently and totally disabled under the terms of a health and accident policy issued by" the defendant insurer, as well as an award of past and future monthly disability benefits for the period after the defendant had ceased to pay these benefits.  The court observed that "[t]he decided cases in the Supreme Court of the United States and in this and other circuits are clear that in a suit like the case at bar, the measure of recovery and, hence, the amount in controversy, is only the aggregate value of past benefits allegedly wrongly withheld." *Beaman,* 369 F.2d at 655 (collecting cases).  Quoting from one of its earlier decisions, the court explained the reasoning behind this rule:

> [A]ll that is in controversy is the right of the insured to the disability payments which had accrued at the time of suit.  The company is obligated to make these payments only so long as the condition evidencing total and permanent disability continues; and, as this condition, theoretically at least, may change at any time, it is impossible to say that any controversy exists as to any disability payments except such as have accrued.

369 F.2d at 655 (quoting *Mutual Life Insurance Co. v. Moyle,* 116 F.2d 434, 435 (4th Cir. 1940)).

Similarly, in *Keck v. Fidelity & Casualty Co.,* 359 F.2d 840, 841 (7th Cir. 1966), the Seventh Circuit addressed a case in which the plaintiff sought relief from the

suspension of benefits under a health and accident policy issued by the defendant insurer,
and also sought a declaration that "the plaintiff was, is, and would be totally disabled for
the rest of his life," thus entitling him to a lump-sum payment of $30,000 after 200 weeks
of benefit payments had been made.  In affirming the district court's dismissal of the suit
for lack of the requisite amount in controversy (which was then $10,000), the court held
that "[f]uture benefits payable under a contract of insurance may be used to compute the
sum in controversy for jurisdictional purposes only when the validity of the insurance
policy itself, and not merely the presence or absence of conditions measuring the
insurer's liability thereunder, is the matter in dispute."  *Keck,* 359 F.2d at 841.  The court
then explained why the plaintiff's request for a forward-looking declaration of his
entitlement to benefits did not change this result:

> The plaintiff contends that a justiciable controversy cognizable under the Declaratory Judgment Act exists when there is an actual controversy between insured and insurer presently capable of judicial resolution, even though a portion of the financial reward may be payable in the future.  He argues that this controversy with the defendant is as "actual" as it can be.  But this argument begs the jurisdictional question presented.  There is no doubt, from the allegations of the plaintiff's complaint, that an actual controversy exists.  The plaintiff claims to be totally disabled. The defendant disagrees.  True, this controversy is capable of judicial resolution.  But the dispute extends only to the question of whether the plaintiff was totally disabled at the time of suit.  No other "actual" controversy is present.  There is no justiciable controversy with respect to the plaintiff's right to receive the lump-sum payment, because this "right" may never come into existence.  It cannot presently be determined; it can only be determined at the end of the 200-week period.  The pecuniary amount as to which an actual controversy exists must be limited accordingly; when so limited, it is insufficient to establish the jurisdiction of the district court.

359 F.2d at 842; *see also Shoemaker v. Sentry Life Insurance Co.,* 484 F. Supp.2d 1057, 1058  (D. Ariz. 2007) (acknowledging that "[i]t may be counterintuitive that a declaratory action about quantifiable benefits accruing entirely in the future has no amount in controversy," but citing *Harmon* and other cases as establishing this "arcanum of federal jurisdiction"); *Albino v. Standard Insurance Co.,* 349 F. Supp.2d 1334, 1339 (C.D. Cal. 2004) (finding that the future benefits sought by the plaintiff under a disability insurance policy could not be included in determining the amount in controversy under the plaintiff's breach-of-contract theory); *Hilley v. Massachusetts Mutual Life Ins. Co.,* 32 F. Supp.2d 195, 196 (E.D. Pa. 1998) (determining that the future disability benefits sought by the plaintiff should be excluded from the amount-in-controversy inquiry, and that the case should thus be remanded to state court, and explaining that "the amount, indeed the possibility, of future payments is too speculative to be taken into account in determining the amount in controversy"); *Pellowe v. Conseco Senior Health Insurance Co.,* No. 5:06-CV-27, 2006 WL 1308094, at *2 (W.D. Mich. May 9, 2006) (explaining that "[t]he matter in controversy involves only the liability of the insurance company to make the payments already accrued," and that "[n]o controversy exists . . . as to any disability payments under the contract in the future" because "[t]he insurance company may or may not decline to pay them, and facts occurring subsequent to the filing of this action may completely justify its refusal to make future monthly payments even though the result of this action obligates it to pay those already accrued" (internal quotation marks and

citation omitted)).

Under this authority — and, particularly, the binding precedent of *Harmon* — it is evident that the amount in controversy in this case includes only the benefit payments that Defendant has failed to make from October of 2007 to the present, and not any additional benefit payments to which Plaintiff might be entitled in the future. As explained earlier, the benefits denied to Plaintiff as of the date of removal totaled $45,472, well short of the $75,000 statutory threshold for diversity jurisdiction. Even assuming that the additional monthly disability benefits withheld from Plaintiff during the course of the litigation should count toward the amount in controversy, *see, e.g., Rodgers v. Northwestern Mutual Life Insurance Co.,* 952 F. Supp. 325, 327 (W.D. Va. 1997), the requisite $75,000 amount in controversy would not be achieved until a year from now, in July of 2010. In the meantime, Plaintiff's continued entitlement to benefits would be determined under a different, more stringent standard that takes effect after 60 months of benefit payments — namely, that Plaintiff must be unable to "perform each of the substantial and material duties of any gainful employment for which [she is] reasonably fitted by training, education, or experience." (Complaint at ¶ 9.) As explained in the above-cited cases, this question cannot presently be said to be "in controversy," because Defendant has not yet been called upon to decide whether Plaintiff's condition meets this heightened standard of total disability.[6] It follows that the

---

[6]And, of course, there is the possibility that Plaintiff's condition will change between now and November, when this new standard applies.

10

amount in controversy cannot incorporate the additional benefits that would accrue and become "past due" over the next 12 months of this litigation.

Finally, Defendant suggests that the shortfall in the amount in controversy may be overcome by the inclusion of the "reasonable attorney fees" sought in Plaintiff's complaint.  (Complaint at ¶ 12(D).)  As Plaintiff points out, however, the Sixth Circuit has held that "[a]s a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees." *Williamson v. Aetna Life Insurance Co.,* 481 F.3d 369, 376 (6th Cir. 2007).  There is no indication here that the insurance policy at issue permits a claimant to recover her attorney fees, nor has Defendant identified any Michigan statute that would mandate or expressly allow such an award under the circumstances presented here.  In any event, it is doubtful that a reasonable attorney fee would make up the nearly $30,000 shortfall between the unpaid disability benefits that have accrued to date ($45,472) and the requisite $75,000 amount in controversy for diversity jurisdiction.  Consequently, the Court agrees with Plaintiff that this amount has not been established, with or without attorney fees, and that a remand is warranted.

## IV.  CONCLUSION

For the reasons set forth above,

11

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's July 1, 2009

motion for remand (docket #3) is GRANTED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  July 31, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record
on July 31, 2009, by electronic and/or ordinary mail.

s/Ruth Brissaud
Case Manager